**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

**BRIAN FISHBACK**                                                    **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 1:17CV-22-GNS**

**KROGER**                                                          **DEFENDANT**

**<u>MEMORANDUM OPINION</u>**

Plaintiff Brian Fishback filed a *pro se*, *in forma pauperis* complaint which is before the

Court for initial review pursuant to 28 U.S.C. § 1915(e)(2).  For the reasons that follow, the

action will be dismissed.

**I.**

Plaintiff brings suit against Kroger pursuant to 42 U.S.C. § 1981.  As his statement of the

claim, he states, "Kroger's management accused me of a crime, that I did not commit, while

Kroger's management had video surveillance cameras to show that I was not guilty of what they

accused me of on the day of 2/19/14."  As relief, he states, "By Kroger's management

discriminating against me, my name was discredited and my reputation, and also damaged my

business credibility, because I work in the sales business."

**II.**

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint

under 28 U.S.C. § 1915(e).  *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997),

*overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  On review, a district court

must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to

state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

2

### III.

Section 1981(a) of Title 42 of the United States Code provides:

> All persons within the jurisdiction of the United States shall have the same
> right in every State and Territory to make and enforce contracts, to sue, be
> parties, give evidence, and to the full and equal benefit of all laws and
> proceedings for the security of persons and property as is enjoyed by white
> citizens, and shall be subject to like punishment, pains, penalties, taxes,
> licenses, and exactions of every kind, and to no other.

The statute has been construed as a prohibition against certain forms of racial discrimination.

*Saint Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 608-10 (1987).  The elements of a claim under

§ 1981 are:  "(1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the

basis of race by the defendant; and (3) the discrimination concerned one or more of the activities

enumerated in the statute (i.e. make and enforce contracts, sue and be sued, give evidence, etc.)."

*Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2nd Cir. 1993).  The

alleged discrimination must have taken place as a result of the plaintiff's race.  *Id.* at 1088.

Here, the plaintiff does not allege anywhere in his complaint that the alleged

constitutional/federal law violations were based on his race or even what his race is.

In addition, Plaintiff's § 1981 claim is time-barred.  Because § 1981 does not provide a

statute of limitations, federal courts borrow the forum state's statute of limitations for personal

injury actions.  *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 371 (2004); *Goodman v.

Lukens Steel Co.*, 482 U.S. 656, 660-62 (1987).  Thus, in Kentucky, actions brought under

§ 1981(a) are limited by the one-year statute of limitations for personal injury found in Ky. Rev. Stat. § 413.140(1)(a).[1] *See Johnson v. Howard*, No. 307-CV-156-H, 2007 WL 2772634, at *2 (W.D. Ky. Sept. 20, 2007) (citing *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990)).  "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and . . . a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Collard v. Ky. Bd. of Nursing*, 896 F.2d at 183.  While the statute-of-limitations is an affirmative defense, when the face of the complaint shows that an action is time-barred, the case may be dismissed summarily upon screening. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

Plaintiff complains of an incident occurring on February 19, 2014, but he did not file the instant action until almost three years later on February 1, 2017, well outside the applicable one-year limitations period.

For these reasons, Plaintiff's federal § 1981 claim is dismissed.

---

[1] Claims brought under § 1981(b), as amended by the 1991 Civil Rights Act, are subject to a four-year statute of limitations contained in 28 U.S.C. § 1658.  *See Keys v. Humana, Inc.*, No. 3:09-CV-00834-CRS, 2013 WL 5740109, at *6 (W.D. Ky. Oct. 22, 2013) ("[P]ost-formation [contract] claims are subject to the four-year statute of limitations set forth in 28 U.S.C. § 1658[.]") (citing in *Anthony v. BTR Auto. Sealing Sys., Inc.,* 339 F.3d 506, 514 (6th Cir. 2003)); *Chugh v. W. Inventory Servs., Inc.*, 333 F. Supp. 2d 285, 295 (D.N.J. 2004) ("Plaintiff's claim is made pursuant to 42 U.S.C. § 1981(b) and . . . is limited by the four-year limitations period of 28 U.S.C. § 1658.").  Plaintiff's complaint, however, does not assert a claim premised on post-formation contract discrimination, and the one-year statute of limitations applies to his claim.  *See* § 1981(b) ("For purposes of this section, the term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."); *see also, e.g., Cornelius v. Kroger Co.*, No. 1:13-CV-708, 2014 WL 6685172, at *4 (S.D. Ohio Nov. 25, 2014) ("[P]laintiff's claim is premised on defendants' alleged unconstitutional and discriminatory act of depriving plaintiff his status as a business invitee based on his race.  Such allegations do not state a plausible claim for relief under § 1981(b) because they do not relate to post-formation contractual matters."), *report and recommendation adopted*, No. 1:13-CV-708, 2014 WL 7227910 (S.D. Ohio Dec. 17, 2014); *Delaney v. Ashcraft*, No. 05-6045, 2006 WL 2265228, at *5 (W.D. Ark. Aug. 8, 2006) ("Plaintiffs contend they were denied their full and equal rights under the law.  This conduct, if actionable under § 1981, was actionable under the original version of § 1981 and was not made possible by the 1991 amendment.  The 4-year statute of limitations found in § 1658 therefore does not apply.").

Having dismissed Plaintiff's federal claim, the Court declines to exercise supplemental jurisdiction over his state-law claims, *see* 28 U.S.C. § 1367(c), and Plaintiff fails to allege the requisite amount-in-controversy to establish diversity jurisdiction.  *See* 28 U.S.C. § 1332. The state-law claims, therefore, will be dismissed without prejudice.

## IV.

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date:  July 27, 2017

**Greg N. Stivers, Judge**
**United States District Court**

cc:      Plaintiff, *pro se*
         Defendant
4416.005

5